**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 16-10455 (SHL) |
| BH SUTTON MEZZ LLC, | |
| Debtor. | |

-------------------------------------------------------------x

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.: 16-10834 (SHL) |
| SUTTON 58 OWNER LLC, | |
| Debtor. | |

-------------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

**To:** The Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York:

BH Sutton Mezz LLC, a Chapter 11 debtor and debtor-in-possession ("**Sutton Mezz**") and Sutton 58 Owner LLC, a Chapter 11 debtor and debtor-in-possession ("**Sutton Owner**", and together with Sutton Mezz, the "**Debtors**"), by their proposed counsel, LaMonica Herbst & Maniscalco, LLP, submit this motion (the "**Motion**") seeking the entry of an Order, pursuant to Rule 1015(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the joint administration of the Debtors' Chapter 11 cases (the "**Cases**"), and respectfully represent as follows:

1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2). Venue of the Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015(b) and (c).

**A.    The Sutton Mezz Bankruptcy Case**

2. On February 26, 2016, Sutton Mezz filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

3. By Order dated March 18, 2016, the Court enlarged and extended the Sutton Mezz's time to file its schedules of assets and liabilities and statement of financial affairs, pursuant to Bankruptcy Rule 1007(c), through and including April 7, 2016.

4. On April 6, 2016, Sutton Mezz filed its schedules of assets and liabilities and statement of financial affairs.

5. Sutton Mezz has continued in the management of its business and the operation of its affairs as a debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. No Trustee or Examiner has been appointed in the Sutton Mezz case.

7. On March 23, 2016, an Official Committee of Unsecured Creditors was formed in the Sutton Mezz case.

8. Sutton Mezz owns 100% of the membership interest in Sutton Owner.

**B.    The Sutton Owner Bankruptcy Case**

9.    On April 6, 2016, Sutton Owner filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the Court.

10.    Sutton Owner has continued in the management of its business and the operation of its affairs as a debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

11.    Sutton Owner owns several assets including, but no limited to, 428, 430, and 432 East 58th Street, New York, New York.

### Relief Requested

12.    By this Motion, the Debtors request the entry of an Order, pursuant to Bankruptcy Rule 1015(b) and (c), authorizing the joint administration of the Cases. The relief requested herein will not impact any respective Debtor's liability under 28 U.S.C. § 1930 or any respective Debtor's liability for any other fees or expenses that are appropriately attributable to a particular Debtor. The Debtors further request that all future pleadings bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11
                                                                              Case No.: 16-10455 (SHL)
BH SUTTON MEZZ LLC, *et. al.*,                              (Joint Administration)

                Debtor.
-----------------------------------------------------------x

3

## Basis for the Relief Requested

13. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[if] two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Further, Bankruptcy Rule 1015(c) provides, "when an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the Court may enter Orders as may tend to avoid unnecessary costs and delay."

14. Here, the Debtors are "affiliates" as that term is defined under Section 101(2) of the Bankruptcy Code. The Debtors have a common ownership structure, maintain an ownership interest in virtually the same assets and have common creditors. As such, the relief requested herein is warranted and the Motion should be approved.

15. Given the interlinked relationship between the Debtors, joint administration of the Cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. Many of the motions, hearings and Orders that will arise in the Cases will affect both Debtors. In addition, the creditors of both Debtors are virtually the same. Thus, the entry of an Order authorizing the joint administration of the Cases will reduce fees and costs by, among other things, avoiding duplicative filings and objections, allowing all parties in interest to monitor the Cases with greater ease, relieving the Court of the burden of entering duplicative orders and maintaining duplicative files for each Debtor, and simplifying the administrative supervision of the Cases by the Court and the Office of the United States Trustee.

16. The Debtors believe that no party in interest will be prejudiced by the relief requested in the Motion. Rights of creditors will not be adversely affected as the relief requested is procedural in nature and not intended to affect the substantive rights of any party. In view of

the benefits attendant to joint administration of these Cases, and the absence of harm to any party-in-interest, the Debtors submit that the relief requested is appropriate and should be granted in all respects.

17.  Courts in this jurisdiction and elsewhere have approved relief similar to that requested herein. In fact, the entry of joint administration Orders is common and generally uncontroversial in this and other districts. See, e.g., In re General Motors Corp., Case No. 09-50026 (REG) (Bankr. S.D.N.Y. June 1, 2009); In re Lehman Bros. Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Oct. 16, 2008); In re PRC, LLC, Case No. 08-10238 (MG) (Bankr. S.D.N.Y. Jan. 24, 2008); In re Wellman, Inc., Case No. 08-10595 (SMB) (Bankr.S.D.N.Y. Feb. 26, 2008); In re DJK Residential LLC, Case No. 08-10375 (JMP) (Bankr. S.D.N.Y. Feb. 8, 2008); In re Musicland Holding Corp., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Dec. 21, 2005); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 8, 2005); In re Delta Airlines, Inc., Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 14, 2005); In re Tower Auto., Inc., Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. Feb. 3, 2005); see also In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); In re Vertis Holdings, Inc., Case No. 08-11460 (CSS) (Bankr. D. Del. July, 16 2008).

18.  Indeed, joint administration is merely procedural. Each of the Debtors' estates remains a separate legal entity and each creditor's individual rights to each estate is preserved, as this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983); In re Garrot & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). In fact, the rights of all creditors will be enhanced by the

reduced costs that will result from the joint administration of these Cases, as each creditor may still file a claim against a particular estate.

19.   The Debtors also seek the Court's direction that a notation, substantially similar to the following notation, be entered on the docket of the Sutton Owner case to reflect the joint administration of these Cases:

> An Order was entered in this case directing the procedural consolidation and joint administration of this Chapter 11 case with a related debtor known as BH Sutton Mezz LLC, which case is pending in this Court under case number 16-10455-SHL (the "Related Case").  The Related Case should be consulted for all matters affecting this case.

20.   Based upon the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors' estates and their creditors and should be granted in all respects.

21.   Notice of this Motion and the Motion will be served upon all known creditors of the Debtors, parties in interest and the Office of the United States Trustee and as the Court directs.

22.   The Debtors submit that this Motion cites the relevant statutory authority and other authority and rules for the relief requested, and that this Motion complies with Local Bankruptcy Rule 9013-1(a). Therefore, no separate memorandum of law is required in connection with this Motion.

23.   No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order authorizing the joint administration of the Debtors' Cases and granting such other and further relief as this Court deems just and proper.

Dated: April 6, 2016
       Wantagh, New York

|  |  |
|---|---|
|  | **LaMonica Herbst & Maniscalco, LLP** |
|  | Proposed Attorneys for the Debtors |
| By: | _s/ Joseph S. Maniscalco_ |
|  | Joseph S. Maniscalco, Esq. |
|  | Jordan Pilevsky, Esq. |
|  | 3305 Jerusalem Avenue, Suite 201 |
|  | Wantagh, New York 11793 |
|  | (516) 826-6500 |

*M:\Documents\Company\Cases\BH Sutton Mezz LLC\Joint Admin\Motion.docx*